Robert MIESEN, Plaintiff-Appellant,

v.

STATE OF WISCONSIN-DEPARTMENT OF TRANSPORTATION,
Defendant-Respondent.†

Court of Appeals

*No. 98–3093. Submitted on briefs March 3, 1999.—Decided
April 6, 1999.*

(Also reported in 594 N.W.2d 821.)

†Petition to review filed.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Daniel D. Hannula* of *Ashley, Hannula & Halom* of Superior.

On behalf of the defendant-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *David E. Hoel*, assistant attorney general.

Before Cane, C.J., Myse, P.J., and Hoover, J.[1]

CANE, C.J. Landowner Robert Miesen appeals an order dismissing his small claims action against the Department of Transportation. Miesen sought the balance of appraisal costs he submitted to the DOT for payment under § 32.05(2)(b), STATS., which allows a landowner to submit the "reasonable costs" of an independent appraisal to the DOT when the DOT commences condemnation proceedings against the owner. The circuit court concluded that it lacked jurisdiction because of sovereign immunity and therefore dismissed the complaint.

Miesen contends that: (1) because the reasonable cost of an appraisal is part of "just compensation," the DOT cannot claim sovereign immunity in proceedings leading to payment of "just compensation" under ch. 32, STATS., the eminent domain statute; (2) the commencement of condemnation proceedings by the filing of a relocation order under § 32.05(1), STATS., waives sovereign immunity; (3) ch. 32 notwithstanding, art. I, § 13, of the Wisconsin Constitution[2] requires just compensation for the DOT's taking of his property; and (4) the circuit court, not the DOT, determines the reasonable costs of an owner's appraisal.[3] While the DOT does

---

[1] Originally assigned as a one-judge appeal, this case was reassigned to a three-judge panel by order dated April 1, 1999. See RULE 809.41(3), STATS.

[2] Article I, § 13, of the Wisconsin Constitution provides: "The property of no person shall be taken for public use without just compensation therefor."

[3] Miesen also argues that the appraisal is intellectual property and that therefore the DOT cannot take the property without just compensation. Miesen fails to support this assertion with legal authority, and we decline to supply legal research for him. See State v. Waste Management, 81 Wis. 2d

not dispute that it is responsible for the appraisal's reasonable costs, it insists that sovereign immunity bars Miesen's suit to recover the partially "unreimbursed" appraisal obtained under § 32.05(2)(b).

Because we conclude that the legislature has clearly and expressly consented for the DOT to be sued under § 32.05, STATS., the circuit court has jurisdiction to determine whether the cost of Miesen's independent appraisal is reasonable under § 32.05(2)(b). Therefore, we reverse and remand so the trial court may consider the appraisal's reasonable costs and enter judgment if the DOT's payment was insufficient.

## I. BACKGROUND

For purposes of considering the DOT's motion to dismiss Miesen's small claims action, we accept the facts alleged in his complaint as true.[4] In December 1995, the DOT began condemnation proceedings against Miesen's property.[5] Pursuant to § 32.05(2)(b),

---

555, 564, 261 N.W.2d 147, 151 (1978). Moreover, he makes numerous references to arguments the DOT made before the small claims court, but the record contains no transcript of the small claims proceeding. Our review is limited to the record before us, *see Ryde v. Dane County Dept. of Soc. Servs.*, 76 Wis. 2d 558, 563, 251 N.W.2d 791, 793 (1977), and we will not consider assertions of fact outside the record. *See Jenkins v. Sabourin*, 104 Wis. 2d 309, 313–14, 311 N.W.2d 600, 603 (1981).

[4] *See Town of Eagle v. Christensen*, 191 Wis. 2d 301, 311–12, 529 N.W.2d 245, 249 (Ct. App. 1995).

[5] Miesen fails to cite to the record to support his factual assertions. We remind him that § 809.19(1)(e), STATS., requires parties' briefs to contain "citations to the . . . parts of the record relied on." We have held that when a party fails to comply with the rule, we will refuse to consider an unsupported argument.

STATS.,[6] Miesen hired Gary Battuello to prepare an appraisal of his property and then submitted Battuello's bill for $3,655.33 to the DOT. Although not stated in the complaint, the DOT concedes that the parties reached a mutually agreeable price for the property and that the appraisal bill was $3,655.23, of which the DOT paid $2,541.48.

In February 1998, Miesen filed a complaint against the DOT in small claims court for $1,113.75, the difference between $3,655.23 and $2,541.48. The DOT moved to dismiss the small claims action pursuant to § 802.06(2), STATS., alleging that the circuit court lacked jurisdiction based on the DOT's sovereign immunity from suit. Concluding that the DOT's sovereign immunity deprived it of jurisdiction, the circuit court dismissed the action. Miesen appeals the order.

## II. ANALYSIS

As stated previously, for the purposes of our analysis, we accept the facts alleged in the complaint as

---

*Tam v. Luk,* 154 Wis. 2d 282, 291 n.5, 453 N.W.2d 158, 162 n.5 (Ct. App. 1990). It is not this court's responsibility to "sift and glean the record in extenso to find facts" supporting Miesen's argument. *See id.* Miesen's few citations to his appendix do not conform to rules of appellate procedure because they do not inform the court where the facts he asserts may be found in the record. *See* RULE 809.19(1)(d), (e), STATS.; *Haley v. State,* 207 Wis. 193, 198–99, 240 N.W. 829, 831–32 (1932).

[6] Section 32.05(2)(b), STATS., deals with negotiations before a jurisdictional offer and provides, in pertinent part, that:

The owner may obtain an appraisal by a qualified appraiser of all property proposed to be acquired, and may submit the reasonable costs of the appraisal to the condemnor for payment. The owner shall submit a full narrative appraisal to the condemnor within 60 days after the owner receives the condemnor's appraisal.

true.[7] We construct the pleadings liberally and will not dismiss a complaint unless "it is quite clear that under no circumstances can the plaintiff recover." *Id.* Here, Miesen's suit must be dismissed if it is barred by sovereign immunity.

Miesen's overriding argument is that the legislature gave its express consent for the DOT to be sued in all actions the DOT takes under § 32.05, STATS., even those preliminary to the actual award of damages. The DOT points out that § 32.05(2)(b) does not require Miesen to obtain an appraisal as a condition of: (1) receiving compensation for his property; (2) contesting the DOT's right to condemn his property; or (3) contesting the award of compensation. Further, the DOT insists that while the legislature has expressly waived the DOT's sovereign immunity when the issue is the amount of "just compensation" for the taking of land, § 32.05 does not waive statutory immunity for a suit for money damages to recover the "partially unreimbursed cost of appraisal" under § 32.05(2)(b). Under the DOT's view, the "reasonableness" of the appraisal rests within its own discretion.[8] We agree with Miesen.

Article IV, § 27, of the Wisconsin Constitution provides that "[t]he legislature shall direct by law in what manner and in what courts suits may be brought against the state." Thus, the State of Wisconsin, including its arms and agencies, is immune from suit

---

[7] *See Town of Eagle*, 191 Wis. 2d at 311–12, 529 N.W.2d at 249.

[8] Section 32.05(2)(b), STATS., sets forth conditions the landowner's independent appraisal must meet. It must be done by a qualified appraiser and submitted to the DOT within sixty days after the owner receives the DOT's appraisal. *See id.* The DOT does not dispute that Miesen met these two requirements.

except when the legislature has consented to be sued. *See Lister v. Board of Regents*, 72 Wis. 2d 282, 291, 240 N.W.2d 610, 617 (1976). Such consent must be clearly and expressly stated. *See State v. P.G. Miron Constr. Co.*, 181 Wis. 2d 1045, 1052–53, 512 N.W.2d 499, 503 (1994). This immunity rule is procedural in nature, and if properly raised, deprives the court of personal jurisdiction over the State and its agencies. *See Lister*, 72 Wis. 2d at 291, 240 N.W.2d at 617. For purposes of this rule, an action against a state agency is an action against the State. *Bahr v. State Invest. Bd.*, 186 Wis. 2d 379, 387–88, 521 N.W.2d 152, 154 (Ct. App. 1994). Because the DOT is a State agency, *see* §§ 15.01(5) and 15.46, STATS., Miesen's complaint cannot stand unless the legislature has expressly and clearly consented for the DOT to be sued, thus waiving its sovereign immunity.

■■■■

To determine whether sovereign immunity bars Miesen's small claims action, we must examine § 32.05, STATS. Construction of a statute or its application to a particular set of facts is a question of law we review de novo. *Minuteman, Inc. v. Alexander*, 147 Wis. 2d 842, 853, 434 N.W.2d 773, 778 (1989). In determining a statute's meaning, our goal is to ascertain the legislature's intent. *In re Peter B.*, 184 Wis. 2d 57, 70–71, 516 N.W.2d 746, 752 (Ct. App. 1994). To make this determination, we first look to the statute's plain language, and if the statute is plain on its face, our inquiry ends. *Id.* If the statute is ambiguous, however, we may look to the statute's scope, subject matter, and object to ascertain the legislature's intent. *Shepherd Legan Aldrian Ltd. v. Village of Shorewood*, 182 Wis. 2d 472, 477, 513 N.W.2d 686, 688 (Ct. App. 1994). A statute is ambiguous if reasonably well-informed persons could

understand it in more than one way. *See id.* Additionally, the intent of a statute's subsection must be derived from the act as a whole. *See Standard Theatres, Inc. v. DOT,* 118 Wis. 2d 730, 740, 349 N.W.2d 661, 667 (1984).

Rules of construction for condemnation statutes further guide our interpretation. Because the power of eminent domain under ch. 32, STATS., is "extraordinary," we strictly construe the condemnor's power under § 32.05, STATS., while liberally construing provisions favoring the landowner, including remedies available to the owner and the compensation to be paid to the owner. *See Shepherd Legan,* 182 Wis. 2d at 478, 513 N.W.2d at 689.

Section 32.05, STATS., governs condemnation proceedings for transportation facilities such as the DOT and allows a landowner to obtain an appraisal and submit the reasonable costs of the appraisal to the DOT:

> The condemnor shall provide the owner with a full narrative appraisal upon which the jurisdictional offer is based and a copy of any other appraisal made under par. (a) and at the same time shall inform the owner of his or her right to obtain an appraisal under this paragraph. *The owner may obtain an appraisal by a qualified appraiser of all property proposed to be acquired, and may submit the reasonable costs of the appraisal to the condemnor for payment.* The owner shall submit a full narrative appraisal to the condemnor within 60 days after the owner receives the condemnor's appraisal. If the owner does not accept a negotiated offer under sub. (2a) or the jurisdictional offer under sub. (3), the owner may use an appraisal prepared under this paragraph in any subsequent appeal.

Section 32.05(2)(b), STATS. (Emphasis added.)

Subsection (2)(b) is only part of a larger statutory scheme controlling such condemnation proceedings, and to put the parties' contentions in context, it is helpful to understand the overall process the DOT must follow to condemn a landowner's property. To commence condemnation proceedings, the DOT files a relocation order. *See* § 32.05(1), STATS. The DOT appraises the property to be condemned, *see* § 32.05(2)(a), and the landowner may also obtain an appraisal pursuant to § 32.05(2)(b). If attempts to negotiate the property's acquisition are unsuccessful, the DOT files a lis pendens and sends a jurisdictional offer to the landowner listing a specific price for acquisition. *See* § 32.05(2a), (3) and (4), STATS.; *see also Pelfresne v. Dane County Regional Airport*, 186 Wis. 2d 538, 540, 521 N.W.2d 460, 461 (Ct. App. 1994). If the owner rejects or does not respond to the jurisdictional offer, the DOT prepares and files an "award of damages," a document setting a date for the "taking" and stating the compensation to be paid to the owner. *See* § 32.05(6) and (7), STATS.; *see also Pelfresne*, 186 Wis. 2d at 540, 521 N.W.2d at 461.

On or before the date set for the taking, the DOT deposits a check for the amount awarded with the county clerk, less outstanding delinquent tax liens and prorated taxes. *See* § 32.05(7)(d), STATS. The landowner may either take the net amount on deposit by petition to the circuit court or appeal the award. *See* §§ 32.05(7)(d), 32.05(9)–(11), STATS. Under subsec. (9), the landowner may appeal to the judge of the circuit court for the county where the property is located, and the judge then assigns a "commission of county condemnation commissioners" to hear the appeal. The landowner may waive a hearing before the commission

and appeal directly to the circuit court, *see* § 32.05(11), STATS., or may appeal the commission's award to the circuit court. *See* § 32.05(10), STATS.

As is apparent from the overall statutory process set forth above, while § 32.05, STATS., establishes a procedure for appealing the DOT's award in a condemnation action to the circuit court, it does not specifically provide a procedure for determining an appraisal's reasonable cost under § 32.05(2)(b), STATS. Although we recognize that clear and express consent is required, Wisconsin law does not require that the legislature clearly and expressly waive the State's sovereign immunity with respect to each type of claim that might be brought under § 32.05. *See German v. DOT*, 223 Wis. 2d 525, 589 N.W.2d 651 (Ct. App. 1998). As we stated in *German*:

> The DOT further contends that even if the legislature has waived the State's sovereign immunity for some wage claims under § 109.03(5), STATS., the legislature has not waived the State's sovereign immunity for the precise claims the officers bring here. The DOT contends that a general waiver of sovereign immunity, even if clear and express, is insufficient in light of the general rule that waivers of sovereign immunity must be construed narrowly in favor of the sovereign. According to the DOT, the legislature must clearly and expressly waive the State's sovereign immunity with respect to each type of claim that might be brought under § 109.03(5). We disagree. When a statute provides a clear, express and broadly worded consent to suit, we will not apply the rule of narrow construction anew to every type of claim brought under that statute.

*Id.* at 532–33, 589 N.W.2d at 655.

■ Considering the extensive provisions for fairly compensating landowners under § 32.05, STATS., applying *Shepherd Legan's* rules of construction, and following the logic of *German*, we conclude that the legislature intended to fully waive immunity from suit after the DOT commences condemnation proceedings under § 32.05. It is unreasonable for the State to argue that it has not consented to be sued given that § 32.05(2)(b) requires it to pay the reasonable costs of Miesen's appraisal. Moreover, in light of the legislature's waiver of sovereign immunity for condemnation proceedings under ch. 32, it would be absurd to read subsec. (2)(b) as permitting a landowner to submit the "reasonable cost" of an appraisal to the DOT, but then allow the DOT unilateral discretion to determine if the appraisal is reasonable. We must interpret statutes to avoid absurd results. *See In re Village of Powers Lake*, 171 Wis. 2d 659, 663, 492 N.W.2d 342, 344 (Ct. App. 1992). Such unilateral discretion would also frustrate the statute's purpose of compensating the owner for the appraisal's reasonable cost; the DOT could decide, for example, that no payment is reasonable.

■ Finally, although § 32.28(3), STATS., does not provide a specific procedure for resolving the parties' dispute over "reasonable litigation expenses," our courts have held that whether appraisal fees are reasonable under § 32.28 is indeed a question of fact for the court. *See Kluenker v. DOT*, 109 Wis. 2d 602, 608–10, 327 N.W.2d 145, 149 (Ct. App. 1982). By analogy, the circuit court should be able to determine the reasonableness of appraisal fees under § 32.05(2)(b), STATS. This will ensure that a landowner receives the reasonable costs of an appraisal the legislature has

allowed the owner to submit to the DOT. Accordingly, we hold that the DOT's sovereign immunity does not bar Miesen's claim for appraisal costs against the DOT.

Because our resolution of this issue disposes of the appeal, we need not address the other arguments Miesen raises. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983). We also note that we should decide cases on the narrowest possible grounds and should not reach constitutional issues if we can dispose of the appeal on other grounds. *See State v. Castillo*, 213 Wis. 2d 488, 492, 570 N.W.2d 44, 46 (1997).

*By the Court.*—Order reversed and cause remanded with directions.