Wisconsin ASSOCIATION OF STATE PROSECUTORS,
Plaintiff-Respondent,†

v.

Wisconsin EMPLOYMENT RELATIONS COMMISSION,
James R. Scott and Rodney G. Pasch,
Defendants-Appellants.†

SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 150,
Plaintiff-Respondent,†

v.

Wisconsin EMPLOYMENT RELATIONS COMMISSION,
James R. Scott and Rodney G. Pasch,
Defendants-Appellants,†

STATE of Wisconsin,
Office of State Employment Relations,
Intervenor-Appellant.†

Wisconsin ASSOCIATION OF STATE PROSECUTORS,
Plaintiff-Respondent,†

v.

Wisconsin EMPLOYMENT RELATIONS COMMISSION,
Defendant-Appellant.†

SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 150,
Plaintiff-Respondent,†

† Petition for review filed.

v.

Wisconsin EMPLOYMENT RELATIONS COMMISSION,
Defendant-Appellant.†

SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 150,
Plaintiff-Respondent,†

v.

Wisconsin EMPLOYMENT RELATIONS COMMISSION,
Defendant-Appellant,†

STATE of Wisconsin,
Office of State Employment Relations,
Intervenor-Appellant.†

Court of Appeals

*No. 2015AP2224. Submitted on briefs August 23, 2016.
—Decided October 12, 2016.*

2016 WI App 85

(Also reported in 888 N.W.2d 237.)

348

On behalf of the defendants-appellants, the cause was submitted on the brief of *Brad D. Schimel*, attorney general, and *Anthony D. Russomanno*, assistant attorney general.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Nathan D. Eisenberg* and *Erin F. Medeiros* of *The Previant Law Firm, S.C.* of Milwaukee.

Before Brennan and Brash, JJ., and Daniel L. LaRocque, Reserve Judge.

¶ 1. BRASH, J. The Wisconsin Employment Re-

lations Commission (the Commission)[1] appeals an order of the circuit court granting the following relief to the Service Employees International Union, Local 150 (Local 150) and the Wisconsin Association of State Prosecutors (WIASP):

- Declaratory judgment that the Commission exceeded its statutory authority in promulgating the requirement in WIS. ADMIN. CODE §§ ERC 70 and 80 (Aug. 2016) that an existing exclusive representative must file a petition in order to qualify for a recertification election under WIS. STAT. §§ 111.83(3)(b) and 111.70(4)(d)3.b. (2013–14)[2];

- Declaratory judgment under WIS. STAT. § 227.40(4)(a) that the provisions in WIS. ADMIN. CODE §§ ERC 70 and 80 requiring an existing exclusive representative to file a petition in order to qualify for recertification are invalid;

- Reversal of the decisions of the Commission, under WIS. STAT. §§ 227.52 and 227.53, for refusing to hold recertification elections;

- A writ of prohibition prohibiting the Commission from enforcing the provisions of WIS. ADMIN. CODE §§ ERC 70 and 80 that require an existing exclusive representative to file a petition to qualify for a recertification election;

- An order granting WIASP and Local 150 recertification elections sought in September 2014 under WIS. STAT. §§ 111.83(3)(b) and 111.70(4)(d)3.b., to be held simultaneously with the December 1, 2015 elections without a new showing of interest and without the necessity of filing a petition; and

---

[1] James R. Scott, Rodney G. Pasch, and the State of Wisconsin, Office of State Employment Relations are also parties to this appeal. All references to the Commission include these parties.

[2] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

- An order granting that, in the event that WIASP and Local 150 win such elections, their representational status shall be treated as uninterrupted.

¶ 2. The Commission argues that the provisions of WIS. ADMIN. CODE §§ ERC 70 and 80 at issue are presumptively valid and reasonable. The Commission further argues that these provisions do not exceed its statutory authority. Upon review, we affirm.

### BACKGROUND

¶ 3. In 2011, the Wisconsin State Legislature enacted Act 10, which amended the State Employment Labor Relations Act (SELRA) and the Municipal Employment Relations Act (MERA) to implement annual recertification requirements for labor organizations. Under SELRA, the new statutory provision states in relevant part:

> Annually, no later than December 1, the commission shall conduct an election to certify the representative of a collective bargaining unit that contains a general employee. There shall be included on the ballot the names of all labor organizations having an interest in representing the general employees participating in the election . . . . The commission shall certify any representative that receives at least 51 percent of the votes of all of the general employees in the collective bargaining unit. If no representative receives at least 51 percent of the votes of all the general employees in the collective bargaining unit, at the expiration of the collective bargaining agreement, the commission shall decertify the current representative and the general employees shall be nonrepresented. Notwithstanding s. 111.82, if a representative is decertified under this paragraph, the affected general employees may not be included in a substantially similar

collective bargaining unit for 12 months from the date
of decertification . . . . The commission shall assess and
collect a certification fee for each election conducted
under this paragraph. Fees collected under this para-
graph shall be credited to the appropriation account
under s. 20.425(1)(i).

WIS. STAT. § 111.83(3)(b).

¶ 4. A similar statutory provision was added to
MERA. It states in relevant part:

> Annually, the commission shall conduct an election
> to certify the representative of the collective bargaining
> unit that contains a general municipal employee. The
> election shall occur no later than December 1 for a
> collective bargaining unit containing school district
> employees and no later than May 1 for a collective
> bargaining unit containing general municipal employ-
> ees who are not school district employees. The commis-
> sion shall certify any representative that receives at
> least 51 percent of the votes of all of the general
> municipal employees in the collective bargaining unit.
> If no representative receives at least 51 percent of the
> votes of all of the general municipal employees in the
> collective bargaining unit, at the expiration of the
> collective bargaining agreement, the commission shall
> decertify the current representative and the general
> municipal employees shall be nonrepresented. Notwith-
> standing sub. (2), if a representative is decertified under
> this subd. 3.b., the affected general municipal employ-
> ees may not be included in a substantially similar
> collective bargaining unit for 12 months from the date
> of decertification. The commission shall assess and
> collect a certification fee for each election conducted
> under this subd. 3.b. Fees collected under this subd. 3.b.
> shall be credited to the appropriation account under s.
> 20.425(1)(i).

WIS. STAT. § 111.70(4)(d)3.b.

¶ 5. The Commission is a state agency within the definition of Wis. Stat. § 227.01(1) and is composed of Commissioners James Scott and Rodney Pasch. Following the passage of Act 10, the Commission promulgated Wis. Admin. Code § ERC 80, concerning the conduct of annual recertification elections under SELRA, and Wis. Admin. Code § ERC 70, concerning the conduct of elections for municipal school employees under MERA. At issue in this appeal is the requirement in these rules that a labor union representing state employees or municipal school employees annually file a recertification petition by the end of business hours on September 15. The rules state:

> The existing exclusive representative of such employees that wishes to continue said representation, or any other labor organization interested in representing such employees, must file a petition on or before September 15 requesting the commission to conduct a secret ballot election to determine whether a minimum of 51 percent of the bargaining unit employees eligible to vote favor collective bargaining representation by the petitioner or another petitioning labor organization. If no timely petition is filed, the result is the same as if only the existing representative filed a timely petition and the election resulted in decertification of the existing representative.

Wis. Admin. Code §§ ERC 70.01 and 80.01. "A petition requiring a showing of interest is not filed until both the petition and the showing of interest have been received by the commission at its Madison office during normal business hours." Wis. Admin. Code §§ ERC 70.03(2) and 80.03(2). "The commission's normal business hours at all work locations are 7:45 AM to 4:30 PM, Monday through Friday, excluding legal holidays." Wis. Admin. Code § ERC 10.06(1).

354

¶ 6. Furthermore, the rules state the consequences for failing to timely file the petition. Pursuant to WIS. ADMIN. CODE § ERC 70.03(7)(b), the Commission's rule states:

> *Consequences of failure to timely file.* If no timely petition is filed by any labor organization, then the following consequences shall apply:

>> 1. If no collective bargaining agreement is in effect, the existing representative shall no longer be entitled to exclusive representative status for purposes of collective bargaining as of September 15. If a collective bargaining agreement is in effect, the existing representative shall no longer be entitled to exclusive representative status for purposes of collective bargaining as of the expiration of the agreement.

>> 2. The employees in the bargaining unit shall not be included in a substantially similar collective bargaining unit for a minimum of one year following the applicable date in subd. 1.

*Id.* Pursuant to WIS. ADMIN. CODE § ERC 80.03(7)(b), the Commission's rule states:

> *Consequences of failure to timely file.* If no timely petition is filed by any labor organization, then the following consequences shall apply:

>> 1. The existing representative shall no longer be entitled to exclusive representative status for purposes of collective bargaining as of September 15.

>> 2. The employees in the bargaining unit shall not be included in a substantially similar collective bargaining unit for a minimum of one year following the applicable date in subd. 1.

*Id.*

¶ 7. WIASP is a labor organization, as defined by Wis. Stat. § 111.81(12), representing a bargaining unit consisting of all assistant district attorneys in Wisconsin as set forth in Wis. Stat. § 111.825(2)(d). Local 150 is the exclusive collective bargaining agent for building helpers and food service workers employed by Milwaukee Public Schools and custodians employed by the Saint Francis School District.

¶ 8. On September 15, 2014, WIASP filed its petition for certification with the Commission at 5:37 p.m. That same day, Local 150 filed two petitions—one at 5:25 p.m. and the other at 5:27 p.m.—concerning employees at the Milwaukee Public Schools. Local 150 also filed a petition at 6:19 p.m. concerning employees at Saint Francis School District. Neither WIASP nor Local 150 submitted their filing fees until the following date, September 16, 2014.

¶ 9. On September 16, 2014, the Commission notified both WIASP and Local 150 that their petitions were untimely because they were: (1) not filed prior to 4:30 p.m. on September 15, 2014; and (2) the filing fees had not been received by that date. On October 14, 2014, the Commission advised WIASP and Local 150 that the petitions were not timely filed, that the election petitions would not be processed, and that no recertification elections would be held.

¶ 10. On November 11, 2014, WIASP filed an action for a declaratory judgment and writ of prohibition seeking to invalidate the provision in Wis. Admin. Code § ERC 80 requiring an existing exclusive representative to file an election petition and seeking relief in the form of a recertification election. On November 13, 2014, Local 150 filed a similar lawsuit concerning Wis. Admin. Code § ERC 70.

¶ 11. On November 14, 2014, the Commission issued formal decisions with respect to the petitions of WIASP and Local 150. In regards to WIASP's petition, the Commission stated:

> Section 111.83 elections provide the mechanism by which unions that currently represent State employees for the purposes of collective bargaining can seek to retain that status. A union that currently so represents employees can choose to relinquish that status by electing not to seek such an election. In that statutory context, it cannot reasonably be argued that the § 111.83 use of the word "shall" and the absence of a statutory reference to a "petition" means that the unions interested in retaining their status as the bargaining representative cannot be required to express that interest (by filing a petition) within the timeframe (in this instance September 15) that allows for the orderly conduct of the "no later than December 1" election. Therefore, particularly in light of our § 111.934 obligation to adopt rules that regulate elections, we conclude that requiring a timely petition to be filed as prerequisite to our conducting a certification election is not at odds with the language of § 111.83, Stats. Therefore, we have dismissed the petition.

(footnotes omitted, quotation marks and parentheses in original).

¶ 12. Also on November 14, 2014, the Commission issued formal decisions concerning the petitions filed by Local 150. These decisions, which are identical, state in relevant part:

> Section 111.70(4)(d)3.b. elections provide the mechanism by which unions that currently represent municipal employees for the purposes of collective bargaining can seek to retain that status. A union that currently so represents employees can choose to relinquish that status by electing not to seek such an

election. In that statutory context, it cannot reasonably be argued that the § 111.70(4)(d)3.b. use of the word "shall" and absence of a statutory reference to a "petition" means that unions interested in retaining their status as the bargaining representative cannot be required to express that interest (by filing a petition) within the timeframe (in this instance September 15) that allows for the orderly conduct of the "no later than December 1" election. Therefore, particularly in light of our § 111.71 obligation to adopt rules that regulate elections, we conclude that requiring a timely petition to be filed as a prerequisite to our conducting a certification election is not at odds with the language of § 111.[7]0(4)(d)3.b., Stats. Therefore, we have dismissed the petitions.

(footnotes omitted, quotation marks and parentheses in original).

¶ 13. Following the Commission's decision, WIASP and Local 150 requested a rehearing pursuant to Wis. Stat. § 227.49; these requests were denied. On January 15, 2015, WIASP and Local 150 filed petitions for judicial review.[3] On March 18, 2015, WIASP and Local 150 filed a motion for summary judgment seeking its requested declaratory judgment, writ of prohibition, and orders setting aside the Commission's decision dismissing the plaintiff's petitions for

[3] WIASP's petition was assigned Milwaukee County Circuit Court Case No. 2015CV501. Local 150's petitions were assigned the following Milwaukee County Circuit Court Case Nos.: 2015CV328 (concerning Milwaukee Public Schools employees) and 2015CV329 (concerning Saint Francis School District employees). On February 25, 2015, the circuit court consolidated these cases, along with WIASP's petition for declaratory judgment and a writ of prohibition (Milwaukee County Circuit Court Case No. 2014CV9307) and Local 150's petition for declaratory judgment and a writ of prohibition (Milwaukee County Circuit Court Case No. 2014CV9658).

recertification elections. On July 31, 2015, the circuit court issued a written order declaring those provisions of Wis. Admin. Code §§ ERC 70 and 80 requiring an existing exclusive representative to file a petition in order to qualify for a recertification election invalid. The circuit court's order also reversed the Commission's decision denying the plaintiff's recertification elections under Wis. Stat. §§ 111.83(3)(b) and 111.70(4)(d)3.b., and directed the Commission to hold such elections.[4] This appeal follows.

#### Discussion

¶ 14. The Commission argues that the provisions of Wis. Admin. Code §§ ERC 70 and 80 at issue are presumptively valid and reasonable. The Commission further argues that these provisions do not exceed its statutory authority.

¶ 15. The Commission is authorized to adopt reasonable rules relating to the exercise of its powers, and proper rules to regulate the conduct of recertification elections. *See* Wis. Stat. §§ 111.71(1) and 111.94(1). However, "[i]n any proceeding pursuant to this section for judicial review of a rule, the court shall declare the rule invalid if it finds that it . . . exceeds the statutory authority of the agency." Wis. Stat. § 227.40(4)(a). When determining if an agency rule exceeds statutory authority, we apply a *de novo* standard of review. *See Wisconsin Citizens Concerned for Cranes and Doves v. DNR*, 2004 WI 40, ¶ 13, 270 Wis. 2d 318, 677 N.W.2d

---

[4] Following the circuit court's July 31, 2015 order, annual recertification elections were conducted in the fall of 2015 for both the WIASP and Local 150.

612. Therefore, we "will not defer to an agency's interpretation on questions concerning the scope of the agency's power." *Id.*

¶ 16. "In determining whether an administrative agency exceeded the scope of its authority in promulgating a rule, we must examine the enabling statute to ascertain whether the statute grants express or implied authorization for the rule." *Id.* ¶ 14. Administrative agencies are created by the legislature and, therefore, have "only those powers which are expressly conferred or which are necessarily implied by the statutes under which it operates." *See Kimberly-Clark Corp. v. PSC*, 110 Wis. 2d 455, 461–62, 329 N.W.2d 143 (1983). "[T]he legislature's failure to specifically confer [a] power is evidence of the legislative intent not to permit the exercise of the power." *Groh v. Groh*, 110 Wis. 2d 117, 125, 327 N.W.2d 655 (1983). Reasonable doubts pertaining to an agency's implied powers are resolved against it, as " '[a]n agency charged with administering a law may not substitute its own policy for that of the legislature.' " *See DeBeck v. DNR*, 172 Wis. 2d 382, 388, 493 N.W.2d 234 (Ct. App. 1992) (citation omitted). Ultimately, when a statute and an administrative rule conflict, the statute prevails. *See id.*

¶ 17. In SELRA, the statute states, in part:

> Annually, no later than December 1, the commission *shall* conduct an election to certify the representative of a collective bargaining unit that contains a general employee. There shall be included on that ballot the names of all labor organizations having an interest in representing the general employees participating in the election.

WIS. STAT. § 111.83(3)(b) (emphasis added). Nearly identical language exists in MERA. *See* WIS. STAT. § 111.70(4)(d)3.b. ("Annually, the commission *shall* conduct an election to certify the representative of the collective bargaining unit that contains a general municipal employee.") (emphasis added).

¶ 18. We " 'must presume that a legislature says in a statute what it means and means in a statute what it says there.' " *State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶ 39, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). Furthermore, "[w]here the language is clear and unambiguous, a mandatory construction is more likely." *Midwest Mut. Ins. Co. v. Nicolazzi*, 138 Wis. 2d 192, 198, 405 N.W.2d 732 (Ct. App. 1987).

¶ 19. Here, the legislature clearly uses the word "shall" when referring to conducting an election to certify the representative of a collective bargaining unit that contains a general employee. *See* WIS. STAT. § 111.83(3)(b). The legislature's use of the word "shall" indicates that the act of holding an election by the Commission is mandatory. *See Georgina G. v. Terry M.*, 184 Wis. 2d 492, 511, 516 N.W.2d 678 (1994); *see also County of Walworth v. Spalding*, 111 Wis. 2d 19, 24, 329 N.W.2d 925 (1983) ("In interpreting statutes, the use of the word 'shall' is construed as mandatory."). Therefore, if the statutes were intended to require the filing of an election petition as a prerequisite for holding a recertification election, the legislature would have included such requirement in the language of the statute; it did not. Accordingly, we conclude that the holding of the annual elections are mandatory and cannot be contingent upon the filing of a recertification election petition.

¶ 20. The Commission attempts to overcome the mandatory nature of conducting annual elections by emphasizing that, in SELRA and MERA, the legislature directed that only labor organizations "having an interest" in representing general employees may be included on the ballot. *See* WIS. STAT. §§ 111.70(4)(d)3.c. and 111.83(3)(b). The Commission argues that without requiring the filing of an election petition, the Commission would have no way of knowing whether the incumbent labor organization maintains an interest in representing the general employees. The Commission further argues that holding elections without requiring the filing of a petition would lead to the absurd result of holding an election without any names on the ballot. This argument is misguided.

¶ 21. To be sure, statutes are to be interpreted to avoid absurd results. *See Kalal*, 271 Wis. 2d 633, ¶ 46. However, it is the Commission's argument—that it will not hold an election if it does not know whether the incumbent labor organization maintains an interest in representing the general employees—that leads to an absurd result. As discussed above, the holding of the annual elections are mandatory. Furthermore, both SELRA and MERA provide that, after a recertification election, "[i]f no representative receives at least 51 percent of the votes of all of the general employees in the collective bargaining unit, at the expiration of the collective bargaining agreement, the commission shall decertify the current representative and the general employees shall be nonrepresented." WIS. STAT. §§ 111.83(3)(b) and 111.70(4)(d)3.b. According to the plain language of the statute, an incumbent labor organization remains the representative of the bargaining unit until it is decertified by the Commission

after the votes are tallied. Until decertification, therefore, it remains "the exclusive representative of all of the employees in such unit for the purposes of collective bargaining." *See* §§ 111.83(1) and 111.70(4)(d)1. As such, we conclude that a current representative has an interest in representing the general employees.[5]

¶ 22. The Commission spends a considerable amount of time discussing its legislatively delegated authority to promulgate reasonable rules related to the annual election statutes. While we do not necessarily disagree with much of this discussion, this is not the issue on appeal. The issue is whether provisions in WIS. ADMIN. CODE §§ ERC 70 and 80 requiring an existing exclusive representative to file a petition in order to qualify for recertification conflict with the statutes that require the Commission to hold annual recertification elections.

¶ 23. Both SELRA and MERA require the Commission to conduct recertification elections on an annual basis. *See* WIS. STAT. §§ 111.83(3)(b) and 111.70(4)(d)3.b. When the Commission enacted WIS. ADMIN. CODE §§ ERC 70 and 80, it imposed a condition precedent to its statutorily required duty. By requiring existing exclusive representatives to file a petition, the Commission imposed a requirement that is in direct conflict with the legislative mandate of §§ 111.83(3)(b) and 111.70(4)(d)3.b. When a statute and an adminis-

---

[5] We note that this decision does not address the situation where a third party seeks to run against the current representative. We recognize that, in that situation, the third party would need to make its intention known to the Commission through some procedure. Additionally, WIASP and Local 150 indicate that, in response to the circuit court's July 31, 2015 ruling, the Commission has modified its rules, pending this appeal. These issues, however, are not before us in this appeal. As such, we do not address them.

trative rule conflict, the statute prevails. *See DeBeck*, 172 Wis. 2d at 388. Accordingly, we conclude that the Commission exceeded its statutory authority by enacting these particular provisions.

¶ 24. WIASP and Local 150 make several other arguments for why the provisions in WIS. ADMIN. CODE §§ ERC 70 and 80 should be invalidated. It is our opinion, however, that our conclusion that the Commission must conduct recertification elections on an annual basis fully resolves all issues raised by WIASP and Local 150. Therefore, we see no need to address them. *See Miesen v. DOT*, 226 Wis. 2d 298, 309, 594 N.W.2d 821 (Ct. App. 1999) (we decide cases on the narrowest grounds possible).

¶ 25. For the foregoing reasons, we affirm.

*By the Court.*—Order affirmed.