Craig T. ARNDT, Thomas P. Core, Kent Demers, Michael A. Dittmann, Michael L. Figueroa, Larry W. Fuchs, Patricia Garro, John P. Grahl, Robert Hable, David S. Hautamaki, Steven Kloehn, Calvin Landaal, Janel Lueptow, Frank Mesa, Bruce C. Muraski, Charles L. Oleson, Vern A. Ponto, Catherine M. Porter, John Richards, Gregory E. Shaller, Donald Strahota, Steve Sutton, Michael Thurmer, and Larry Uhazie, Plaintiffs,

v.

## WISCONSIN DEPARTMENT OF CORRECTIONS, Defendant.

No. 95–C–937–C.

United States District Court,
W.D. Wisconsin.

June 21, 1996.

---

Aaron N. Halstead, Madison, WI, for Craig T. Arndt, Thomas P. Core, Michael A. Dittmann, Larry W. Fuchs, Patricia Garro, John P. Grahl, Robert Hable, David S. Hautamaki, Steven Kloehn, Janel Lueptow, Bruce C. Muraski, Charles L. Oleson, Vern A. Ponto, Catherine M. Porter, Gregory E. Shaller, Donald Strahota, Michael Thurmer, Larry Uhazie, John A. Richards, Steve Sutton, Kent Demers, Michael L. Figueroa, Calvin Landaal, Frank Mesa.

Richard Moriarty, Asst. Atty. Gen., Madison, WI, for Wisconsin Dept. of Corrections.

## OPINION AND ORDER

CRABB, District Judge.

In this civil action, plaintiffs, a group of employees of the Wisconsin Department of Corrections, seek overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 207–219, for the three year time period

prior to the commencement of this action. Plaintiffs contend that defendant Wisconsin Department of Corrections failed to compensate them at the rate of one and one-half times their regular wage rates for all hours they worked in excess of 40 hours a week during that time period.

The case is presently before the court on defendant's motion to dismiss for want of subject matter jurisdiction. Defendant argues that this court lacks jurisdiction over the plaintiffs' claim under the Eleventh Amendment of the United States Constitution. I conclude that defendant is correct. The state of Wisconsin has not waived its Eleventh Amendment immunity to suit and Congress did not have the power under the interstate commerce clause to abrogate Wisconsin's immunity. Therefore, I will grant defendant's motion to dismiss.

For the sole purpose of deciding this motion, I find that the well-pleaded allegations of plaintiffs' complaint fairly allege the following.

### Allegations of Fact

During some or all of the three year period prior to the filing of this action, each of the plaintiffs was employed by the state as either a Supervising Officer 1 (Lieutenant) or Supervising Officer 2 (Captain) in one of the state's correctional institutions. During this three year time period, defendant classified plaintiffs as exempt from the overtime wage requirements of the Fair Labor Standards Act and did not pay them overtime at the rate of time and one-half. During this same time period, defendant retained the authority to impose, and did impose, on supervising officers unpaid disciplinary suspensions of less than five days for infractions of work rules or policies other than safety rules of major significance.

### OPINION

█ Before entertaining a civil action, a federal district court must establish both federal jurisdiction over the subject matter of the suit and personal jurisdiction over all defendants. In this motion, defendant focuses on the first issue, contending that the Eleventh Amendment deprives this court of subject matter jurisdiction over plaintiffs' claims.

The Eleventh Amendment provides that the jurisdiction of the federal courts does not extend to suits against a state brought by individual citizens. As an agency of the state, defendant Department of Corrections enjoys the state's Eleventh Amendment immunity from federal lawsuits. *Sasnett v. Dept. of Corrections,* 891 F.Supp. 1305, 1322 (W.D.Wis.1995). The immunity is not absolute: a state may consent to be sued in federal court, thereby waiving its sovereign immunity, and state officials may be sued in their individual capacities for money damages and in their official capacities for injunctive and declaratory relief. *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Until recently, many assumed that Congress could abrogate the states' sovereign immunity in certain areas such as those arising under the interstate commerce clause, by passing legislation making such abrogation explicit. Indeed, this had been the plurality holding in *Pennsylvania v. Union Gas Co.,* 491 U.S. 1, 17, 109 S.Ct. 2273, 2283, 105 L.Ed.2d 1 (1989) (power of Congress to abrogate derives from states' cession of their sovereignty when they gave Congress plenary power to regulate interstate commerce).

In *Seminole Tribe of Florida v. Florida,* —— U.S. ——, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), the Supreme Court put to rest the assumption that Congress can abrogate the states' sovereign immunity under any provision of the Constitution other than the Fourteenth Amendment. *Id.* at ——, 116 S.Ct. at 1128. Congressional abrogation under the Fourteenth Amendment is possible because that amendment "fundamentally altered the balance of state and federal power struck by the Constitution." *Id.* at ——, 116 S.Ct.at 1125 (citing *Fitzpatrick v. Bitzer,* 427 U.S. 445, 452, 96 S.Ct. 2666, 2669–70, 49 L.Ed.2d 614 (1976)). In *Seminole,* the Court overruled *Union Gas Co.,* 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1, explicitly, finding it poorly reasoned and of questionable precedential value.

Plaintiffs argue that *Seminole* does not apply to their case because the issue in *Seminole* was Congress's power to abrogate a state's Eleventh Amendment immunity under the Indian commerce clause, Art. 1, § 8, cl. 3, and not the interstate commerce clause, Art. 1, § 8, cl. 3. Plaintiffs have misread *Seminole.* As the Court noted, the Indian commerce clause is a greater transfer of power from the states to the federal government than the interstate commerce clause. *Seminole,* —— U.S. at ——, 116 S.Ct. at 1126. Only after the Court held that the power to abrogate does not exist in the interstate commerce clause, a lesser transfer of power from the states to the federal government, could the Court go on to find that the power did not exist under the Indian commerce clause.

Recognizing that they are unlikely to succeed in arguing that Congress abrogated the states' immunity to suit under the Fair Labor Standards Act, plaintiffs concentrate on their alternative argument: that the state of Wisconsin waived its Eleventh Amendment immunity to the FLSA and consented to suit in federal court, as it is entitled to do. *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 238, 105 S.Ct. 3142, 3145–46, 87 L.Ed.2d 171 (1985). Plaintiffs' argument must be examined in light of certain well-established principles. Any waiver of immunity by the state must be unequivocal, *Pennhurst,* 465 U.S. at 99, 104 S.Ct. at 907, and will be found only where stated so expressly or by such overwhelming implication from the text as to leave no room for any other reasonable construction. *Atascadero,* 473 U.S. at 239–40, 105 S.Ct. at 3146. Constructive consent is insufficient. *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974). Finally, under the Constitution of the state of Wisconsin, only the state legislature may waive the state's immunity. Wis. Const., Art. IV, § 27; *State v. P.G. Miron Construction Co., Inc.,* 181 Wis.2d 1045, 1052, 512 N.W.2d 499, 503 (1994).

■ Plaintiffs argue first that the Wisconsin legislature waived the state's immunity when it granted the Department of Corrections the power to "sue and be sued." Wis. Stat. § 301.04. However, Wisconsin courts have held that the "sue and be sued" language is not the equivalent of a legislative waiver of immunity. *Lindas v. Cady,* 142 Wis.2d 857, 860–61, 419 N.W.2d 345, 347 (1987), *aff'd,* 150 Wis.2d 421, 441 N.W.2d 705 (1989); *see also Florida Dept. of Health v. Florida Nursing Home Ass'n,* 450 U.S. 147, 149, 101 S.Ct. 1032, 1033–34, 67 L.Ed.2d 132 (1981) (per curiam) ("sue and be sued" not the equivalent of express waiver of immunity by state), *reh'g denied,* 451 U.S. 933, 101 S.Ct. 2008, 68 L.Ed.2d 319 (1981); *Sasnett,* 891 F.Supp. at 1322.

■ Plaintiffs contend next that the legislature waived the state's immunity as to the FLSA when it granted state employees the right to sue the state for unpaid wages owed to them. *See* Wis.Stat. § 109.03(5). Plaintiffs argue that the enactment of this statute evidenced the consent to suit in federal court. However, chapter 109 of the Wisconsin Statutes makes no reference to the FLSA and lacks any language indicating an explicit intent to waive the state's immunity. In fact, nothing in chapter 109 allows an employee to assert a claim that an employer should have classified the employee as eligible for overtime compensation. Chapter 109 is the statutory vehicle under which an employee may sue an employer for wages unquestionably owed. Wis.Stat. § 109.01(3). For example, if an employer discharges an employee and subsequently fails to pay the wages owed to the employee, the employee may assert a claim for those unpaid wages. Wis.Stat. §§ 109.03(2), 109.03(5). Plaintiffs cannot bring a FLSA claim under chapter 109. Therefore, it would defy logic to find that enactment of this chapter constituted a legislative waiver of the state's Eleventh Amendment immunity with respect to FLSA claims under § 109.03(5).

■ Next, plaintiffs argue that a waiver of immunity exists in chapter 103 of the Wisconsin Statutes. Specifically, plaintiffs argue that the state waived its sovereign immunity when it enacted the regulations codified at §§ 103.01 through 103.03. Their argument does not withstand a dose reading of the statutes. Plaintiffs have failed to grasp the meaning of these statutes. Chapter 103 controls the hours of labor an employee may be required to work and authorizes the Wis-

consin, Department of Industry, Labor and Human Relations to develop regulations establishing the payment of overtime under Wisconsin law. Wis.Stat. § 103.02. It does not allow an employee to bring a private cause of action against an employer even in state court. Instead, employees must file all complaints with the Department of Industry, Labor and Human Relations, the Wisconsin agency authorized to investigate infractions of the regulations and issue orders pursuant to these regulations. Wis.Stat. § 103.02. The department may seek judicial enforcement of its orders but employees are not authorized to do so on their own. *Id.* Given the fact that individual plaintiffs cannot bring private causes of action against their employers under §§ 103.01 through 103.03, there is no basis on which to hold that the state legislature unequivocally and expressly waived the state's immunity to suit by private citizens under the FLSA when it enacted chapter 103.

■ Next, plaintiffs try to combine Chapters 109 and 103 in an attempt to find a statutory waiver of immunity. First, plaintiffs look at the Wis.Admin.Code § ILHR 274.08, adopted under chapter 103, which states that a portion of the FLSA, specifically 29 C.F.R. § 553, is applicable to state employees. This is the language that plaintiffs contend shows that the state has waived its immunity to private suit. However, there is no right to a private cause of action under chapter 103. Realizing this, plaintiffs look to the private cause of action allowed under chapter 109 for the recovery of wages unquestionably owed, contending that because the state should have paid overtime wages pursuant to chapter 103, a plaintiff can sue under the FLSA, using chapter 109. This argument ignores the standard for finding a waiver of immunity. A waiver of the state's immunity by the legislature will be found only where stated by the most express language or by such overwhelming implication from the text as to leave no room for any other reasonable construction. *Atascadero*, 473 U.S. at 239–40, 105 S.Ct. at 3146. Any waiver must be unequivocal. *Pennhurst*, 465 U.S. at 99, 104 S.Ct. at 907. It is difficult to understand how an express and unequivocal waiver of immunity can be found by combining two separate statutory schemes, neither of which discuss immunity even in veiled terms. Surely, an express and unequivocal waiver cannot be found among the scattered pieces of a jigsaw puzzle.

■ Finally, plaintiffs argue that because the state did not raise the defense of sovereign immunity in its initial reply to the complaint, it waived its immunity and is barred from raising it in a subsequent motion to dismiss. Simply stated, plaintiffs contend that either the Department of Corrections or the Department of Justice waived the state's immunity constructively. There is no basis in law for this argument. Only the state legislature may waive the state's immunity. *Miron Construction Co., Inc,* 181 Wis.2d at 1052, 512 N.W.2d at 503. In fact, the Wisconsin legislature has expressly denied the Department of Justice the authority to waive the state's immunity. Wis.Stat. § 165.25(6). Similarly, the legislature has not passed any laws granting the Department of Corrections the authority to waive its immunity. Because neither agency has the authority to waive the state's immunity, it is of no consequence that defendant failed to raise the defense of sovereign immunity in its initial response to the complaint.

### ORDER

IT IS ORDERED that the motion of defendant Department of Corrections to dismiss for lack of subject matter jurisdiction is GRANTED. The clerk of court is directed to enter judgment for defendants and close this case.