Joan A. GERMAN, Arnold Merkle and Bryan Vergin, Plaintiffs-Respondents,

v.

WISCONSIN DEPARTMENT OF TRANSPORTATION, Division of State Patrol, State of Wisconsin, Charles Thompson and William L. Singletary, Defendants-Appellants-Petitioners.

Supreme Court

*No. 98–0250. Oral argument November 3, 1999.—Decided June 21, 2000.*

2000 WI 62

(Also reported in 612 N.W.2d 50.)

For the defendants-appellants-petitioners the cause was argued by *Richard Briles Moriarty*, assistant attorney general, with whom on the briefs was *James E. Doyle*, attorney general.

For the plaintiffs-respondents there was a brief by *Bruce M. Davey* and *Lawton & Cates, S.C.*, Madison, and oral argument by *Bruce M. Davey*.

Amicus Curiae brief was filed by *Bruce Meredith* and *Marilyn Windschiegl*, Madison, on behalf of Wisconsin Education Association Council.

¶ 1. WILLIAM A. BABLITCH, J. Petitioner, the Wisconsin Department of Transportation (DOT)[1] seeks review of a published decision of the court of appeals, *German v. DOT*, 223 Wis. 2d 525, 589 N.W.2d 651 (Ct. App. 1998). The court of appeals affirmed an

---

[1] The defendants in this case are the State, the Wisconsin Department of Transportation, and two individual defendants sued in their official capacity, Charles Thompson and William L. Singletary, all of whom we will refer to collectively as "DOT".

order of the circuit court denying DOT's motion to dismiss a wage claim brought by officers of the Wisconsin State Patrol (officers). The officers brought a claim based upon Wis. Stat. § 109.03(5)(1995–96),[2] alleging that they are on-duty during their lunch break and are therefore owed wages for that time pursuant to Wis. Admin. Code. § DWD 274.02(3) (May, 1997). This section of the administrative code requires employers to pay employees for meal periods that are not free from work.

¶ 2. The first issue is whether the officers can bring a claim under Wis. Stat. § 109.03(5) seeking wages for on-duty meal periods, or whether the officers' exclusive remedy is the administrative procedures in Wis. Stat. § 103.005. If we determine the action may be brought under Wis. Stat. ch. 109, then the second issue we must decide is whether the legislature has waived sovereign immunity in ch. 109 for this type of claim.

¶ 3. We hold that Wis. Stat. § 103.005 is not the exclusive means to enforce a wage claim grounded upon Wis. Admin. Code § DWD 274.02(3) and that the right of action created by Wis. Stat. § 109.03(5) allows for claims based upon the hours and overtime regulations to be brought in circuit court without first obtaining administrative review by the Department of Workforce Development (DWD). In addition, we agree with the court of appeals that the legislature has waived the state's immunity in Wis. Stat. ch. 109. Accordingly, we affirm the decision of the court of appeals.

---

[2] All statutory references are to the 1995–96 version of the Wisconsin Statutes, unless otherwise noted.

## Facts and Procedural History

¶ 4. In 1996 officers of the Wisconsin State Patrol filed suit against their employer, the DOT, in Dane County Circuit Court. The officers asserted they were neither relieved from duty during their 30-minute lunch breaks, nor compensated for this on-duty time as required by Wis. Admin. Code § DWD 274.02(3).[3] As a result, the officers alleged that they were entitled to compensation for these hours worked. Their suit to compel payment of wages due was filed pursuant to Wis. Stat. §§ 109.01 and 109.03, the Wage Payments, Claims and Collections Law (wage claim law).

¶ 5. The DOT moved to dismiss the suit. This motion was denied by the Dane County Circuit Court, the Honorable P. Charles Jones presiding.[4]

¶ 6. The DOT sought expedited review by the court of appeals. The court of appeals affirmed the order of the circuit court. The DOT appealed to this court pursuant to Wis. Stat. § 808.10 (1997–98), which we granted.

---

[3] Wis. Admin. Code § DWD 274.02(3):

The employer shall pay all employes for on-duty meal periods, which are to be counted as work time. An on-duty meal period is a meal period where the employer does not provide at least 30 minutes free from work. Any meal period where the employe is not free to leave the premises of the employer will also be considered an on-duty meal period.

[4] Additional claims brought by the officers under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 and 42 U.S.C. § 1983 were dismissed by the circuit court and are not at issue here.

## Standard of Review

¶ 7. We are asked to review denial of a motion to dismiss. To determine the sufficiency of the complaint, we must examine the statutory authority cited by the plaintiffs as the basis for their claim to determine two issues. First, we must determine whether Wis. Stat. ch. 109 is a vehicle to enforce Wis. Admin. Code § DWD 274.01(3), a rule promulgated by the authority vested in the DWD under the hours and overtime law, Wis. Stat. § 103.02, or whether this administrative code section can only be enforced by the administrative review procedures in Wis. Stat. ch. 103. Second, we must determine if the legislature has waived sovereign immunity in ch. 109. Statutory interpretation is a question of law which we review de novo. *Morris v. Juneau County*, 219 Wis. 2d 543, 550, 579 N.W.2d 690 (1998). Our goal in interpreting a statute is to discern the intent of the legislature. *Id.*

## Analysis

¶ 8. We first resolve whether the officers' claim is properly brought under the wage claim law, Wis. Stat. ch. 109. The plain language of ch. 109 broadly defines the word "wage" in relevant part as "remuneration payable to an employe for personal services" and cites as examples salaries, vacation pay, and overtime pay. Wis. Stat. § 109.01(3).[5] The breadth of this definition

---

[5] Wis. Stat. § 109.01(3):

"Wage" or "wages" mean remuneration payable to an employe for personal services, including salaries, commissions, holiday and vacation pay, overtime pay, severance pay or dismissal pay, supplemental unemployment compensation benefits when required under a binding collective bargaining agreement, bonuses and any other similar advantages agreed upon between the employer and

encompasses the employer's obligation under Wis. Admin. Code § DWD 274.02 to pay an employee for on-duty meal break wages. This administrative code provision requires "remuneration" for "personal services," comparable to the examples listed in § 109.01(3). We see little difference between a claim under ch. 109 by an employee seeking overtime wages with the officers' claim for on-duty meal break wages. In both cases the employee asserts that work has been performed and wages are now due.

■

¶ 9. The DOT contends that a claim under Wis. Admin. Code § DWD 274.02(3) can only be resolved through the administrative procedures in Wis. Stat. § 103.005. Where the legislature enacts an administrative scheme to enforce a statute, the administrative mechanism is presumed exclusive unless there is an affirmative legislative indication of the contrary. *Bourque v. Wausau Hosp. Center*, 145 Wis. 2d 589, 594, 427 N.W.2d 433 (Ct. App. 1988). The DOT argues that resolving whether meal breaks are compensable on-duty work time is an issue that arises under Wis. Stat. ch. 103, the Hours of Work Law and is to be brought forward in the administrative review procedures in that chapter—not through Wis. Stat. ch. 109.

¶ 10. The provisions of Wis. Stat. ch. 109 and Wis. Stat. § 103.02 address two sides of the same coin. Under the authority of § 103.02 the DWD has promulgated an administrative rule requiring employers to pay employees for on-duty meal periods. Wis. Admin. Code § DWD 274.02(3). In Wis. Stat. § 109.03(5), the legislature has provided employees with the right to bring an action in court against an employer for wages

the employe or provided by the employer to the employes as an established policy.

due without first pursuing administrative review with the DWD. As the court of appeals noted:

> We acknowledge the DOT's argument that the officers are really seeking a determination of whether their lunch periods are "hours of work," but that is part and parcel of their claim for wages due. The amount of pay-or possibly, compensatory time- the officers may ultimately be found to have due them must necessarily await a determination of whether *any* compensation is due them for lunch periods. Nonetheless, the essence of the officers' claim is that they are due compensation that the DOT has not paid.

*German*, 223 Wis. 2d at 539 n.5 (emphasis in the original). Combined, these statutory provisions create a system to assure that each employee is compensated for his or her labor.

■

¶ 11. Statutes on the same subject matter are interpreted in a manner that harmonizes them, giving each statute full force and effect. *McDonough v. Department of Workforce Dev.*, 227 Wis. 2d 271, 279–80, 595 N.W.2d 686 (1999) (quoting *State v. Aaron D.*, 214 Wis. 2d 56, 66, 571 N.W.2d 399 (Ct. App. 1997)). The DOT's argument vitiates an employees' private right of action for wages due in Wis. Stat. ch. 109. The reasoning of the court of appeals is compelling.

> If an employee-initiated wage claim could not be brought under ch. 109 merely because it was dis- puted on hours and overtime grounds, an employer could defeat an employee's suit merely by alleging that the employee was "off-duty" during part of the time for which the employee is claiming wages due. The "off-duty" allegation would require an interpre- tation of WIS. ADM. CODE § DWD 272.12(12)(2)(b)

(which is made applicable to hours and overtime disputes by virtue of WIS. ADM. CODE § DWD 274.045). Thus an employer could convert the employee's ch. 109 claim for wages due to a ch. 103 claim to determine whether wages were due, thereby avoiding the employee-initiated suit and the penalties provided by ch. 109.

*German*, 223 Wis. 2d at 543.

■

¶ 12. Further, and as the court of appeals notes, "the presumption that an administrative remedy is exclusive does not apply if there is legislative expression to the contrary. *Id.* at 538 (citing *Gardner v. Gardner*, 175 Wis. 2d 420, 428, 499 N.W.2d 266 (Ct. App. 1993)). Wisconsin Stat. § 103.005(14)(a) provides that the DWD shall administer laws related to employment and the regulation of employment "so far as not otherwise provided for in the statutes." We find that the plain meaning of § 103.005(14), when read together with Wis. Stat. ch. 109, is that employees are authorized by the legislature to seek enforcement of Wis. Admin. Code § 274.02(3) through Wis. Stat. § 109.03(5).

¶ 13. The relationship between Wis. Stat. ch. 103 and Wis. Stat. ch. 109 is demonstrated in legislative history. Wisconsin Stat. § 109.03 was created by ch. 380, Laws of 1975. The new law was proposed by a Special Committee on Employe Protection in Business Closing to the 1973–75 Legislative Council and consolidated existing wage payment and wage claim laws with new protections, including a plant closing notification law. The newly created § 109.03 imported most of the provisions of the former Wis. Stat. § 103.39

(1973).[6] The statutory language relating to court actions on wage claims adopted in ch. 380, Laws of 1975, was substantially identical to that which had been provided in ch. 103.

¶ 14. In addition, ch. 380, Laws of 1975 § 3 provided that the department was to investigate wage claims and specifically to enforce Wis. Stat. § 103.02.[7] This language remains in Wis. Stat. § 109.09(1). Subsequently, 1993 Wis. Act 86 amended that portion of Wis. Stat. ch. 109 allowing employees to bring an action for wages in circuit court, adding that the action could be brought without first filing a wage claim with the department under § 109.09(1). As the court of appeals stated, we find "no indication that the legislature intended the scope of employee-initiated wage claim actions to be more limited than the scope of the actions that DWD is authorized to pursue on the employee's behalf." *German*, 223 Wis. 2d at 542.

¶ 15. The relationship between Wis. Stat. chs. 103 and 109 is also evident in Wis. Admin. Code ch. DWD 274. The penalties provision of that chapter states in relevant part that "[a]ny employer who violates order s. DWD. . .274.03. . .shall be subject to the

---

[6] Wisconsin Stat. § 103.39(1) (1973) provided in relevant part that "each employe coming within the meaning of this section shall have a right of action against any such person for the full amount of his wages due on each regular pay day as herein provided in any court of competent jurisdiction."

[7] Chapter 380, Laws of 1975, § 3 provides in relevant part: "109.09 Wage claims, collection. (1) The department shall investigate and attempt equitably to adjust controversies between employers and employes as to alleged wage claims. The department shall enforce this chapter and ss. 66.293, 103.02, 103.49, 103.82 and 104.12."

penalties provided in ss. . . .109.11." Wis. Admin. Code § 274.07.

¶ 16. Based upon the plain language of Wis. Stat. ch. 109, the legislative history of ch. 109 and Wis. Stat. ch. 103, the absence of any bar to this claim in ch. 103, and the need to harmonize ch. 109, ch. 103 and Wis. Admin. Code § DWD 274.03(2), we conclude that the officers have properly brought this action under ch. 109.

¶ 17. The second issue we must then consider is whether the legislature has waived sovereign immunity in Wis. Stat. ch. 109. The State of Wisconsin's sovereign immunity derives from Article IV, § 27 of the Wisconsin Constitution.[8] It is axiomatic that the state cannot be sued without the express consent of the legislature. *Bahr v. State Inv. Bd.*, 186 Wis. 2d 379, 521 N.W.2d 152 (Ct. App. 1994); *Lister v. Board of Regents*, 72 Wis. 2d 282, 291, 240 N.W.2d 610 (1976); *Chicago, M. & St. P.R. Co. v. State*, 53 Wis. 509, 512–13, 10 N.W. 560 (1881). If sovereign immunity is properly raised, then the court is without personal jurisdiction over the state. *Lister*, 72 Wis. 2d at 291.

¶ 18. The state's sovereign immunity from suit extends to the state's agencies and arms. *Id.* Sovereign immunity does not apply to the activities of a state-created agency with independent proprietary powers and functions (an "independent going concern"). *Id.* at 292. There is nothing in this case that suggests the independent going concern exception is applicable. The

---

[8] Article IV, § 27 of the Wisconsin Constitution states: "The legislature shall direct by law in what manner and in what courts suits may be brought against the state."

DOT is a state agency. Wis. Stat. §§ 15.01(5), 15.46.[9] The officers have neither argued that the DOT is an independent going concern nor that they do not have to demonstrate that the legislature has consented to the action that has been commenced. Instead, the officers assert that the legislature has expressly consented to state employees initiating their claim in circuit court and point to Wis. Stat. § 109.03(5) and Wis. Stat. § 103.005(14)(a).[10] We agree.

¶ 19. The officers argue that sovereign immunity is waived in Wis. Stat. ch. 109 because the state is included in this chapter's definition of employer and because ch. 109 expressly allows employees to bring wage claims directly to the circuit court, without passing through administrative review. Wis. Stat. §§ 109.01(2)[11] and 109.03(5).[12]

---

[9] Wisconsin Stat. § 15.01(5) states: " 'Department' means the principal administrative agency within the executive branch of Wisconsin state government, but does not include the independent agencies under subch. III."

Wisconsin Stat. § 15.46 states: "Department of transportation; creation. There is created a department of transportation under the direction and supervision of the secretary of transportation."

[10] Wisconsin Stat. § 103.005(14)(a) states: "The department shall administer and enforce, so far as not otherwise provided for in the statutes, the laws relating to child labor, employment, employment offices and all other laws relating to the regulation of employment."

[11] Wisconsin Stat. § 109.01(2) states: "Except as provided in s. 109.07(1)(d), 'employer' means any person engaged in any activity, enterprise or business employing one or more persons within the state, including the state and its political subdivisions and charitable, nonprofit or tax-exempt organizations and institutions."

¶ 20. The state's immunity is waived in Wis. Stat. ch. 109. Chapter 109 expressly defines "employer" to include the state and its political subdivisions. Wis. Stat. § 109.01(2). Wisconsin Stat. § 109.03(5) allows an employee to bring a cause of action against an employer for wages. This is express consent by the legislature to suits brought against the state. When the legislature wishes to enact a statute excluding the state from the definition of employer it expressly does so. *See* Wis. Stat. § 111.02(7) ("The term 'employer' means a person who engages the services of an employe. . .but shall not include the state or any political subdivision thereof. . . ."); Wis. Stat. § 111.51(5)(a) (" 'Public Utility Employer' means any employer, other than the state or any political subdivision thereof . . . ."). Sovereign immunity is waived in ch. 109. On this point there is no ambiguity.

¶ 21. However, DOT argues that Wis. Stat. ch. 109 is simply a mechanism to compel employers to issue paychecks promptly and is not a means to enforce

This section of the statutes was amended by 1997 Wis. Act 237, § 354n. The amendment does not impact our analysis in this case.

[12] Wis. Stat. § 109.03(5):

> Enforcement. Except as provided in sub. (1), no employer may by special contract with employes or by any other means secure exemption from this section. Each employe shall have a right of action against any employer for the full amount of the employe's wages due on each regular pay day as provided in this section and for increased wages as provided in s. 109.11(2), in any court of competent jurisdiction. An employe may bring an action against an employer under this subsection without first filing a wage claim with the department under s. 109.09(1). An employe who brings an action against an employer under this subsection shall have a lien upon all property of the employer, real or personal, located in this state as described in s. 109.09(2).

any other claim in which back wages are sought as a remedy. Any waiver of sovereign immunity in ch. 109, it is argued, is for the sole purpose of compelling the issuance of a paycheck. The DOT claims that there is no clear and express waiver of sovereign immunity in ch. 109 for the type of claim brought by the officers in this case. We disagree.

¶ 22. The state presented a similar argument in *Butzlaff v. Department of Health and Family Services*, 223 Wis. 2d 673, 590 N.W.2d 9 (Ct. App. 1998). In *Butzlaff*, the state argued that under Wis. Stat. § 103.10(13) of the Family and Medical Leave Act (FMLA) the legislature had expressly waived sovereign immunity for suits by state employees who had been successful in underlying administrative proceedings and judicial review. However, the state claimed that the statute was ambiguous as to whether § 103.10(13) permitted suit by employees who were unsuccessful in the administrative procedure and its related judicial review. The state asserted in *Butzlaff*, as well as in the case at hand, that if there is any ambiguity in the statute concerning whether or not the claim can be brought, then sovereign immunity is not waived. *Id.* at 681–82.

¶ 23. The court of appeals correctly noted in *Butzlaff* that the state's argument

> confuses the statutory consent to suit against the state and its agencies with the statutory conditions for suit that apply to all parties. The former must be clearly expressed to constitute a waiver of sovereign immunity. The latter are interpreted according to the ordinary rules of statutory construction.

*Id.* at 682. In this case it is evident that the legislature in Wis. Stat. ch. 109 consented to suit against the state for wage claims.

¶ 24. Although we reach the same conclusion as the court of appeals, we disagree with one point in its method of analysis. In finding that sovereign immunity had been waived for the type of claim brought by the officers, the court of appeals relied in part upon *Bahr. German*, 223 Wis. 2d at 532–33. The issue in *Bahr* was whether or not the State Investment Board was an independent going concern and thus ineligible for sovereign immunity. In *Bahr*, the court of appeals determined that the State Investment Board was an independent going concern in part because it was authorized by statute to " 'sue and be sued in [its own] name.' " *Bahr*, 186 Wis. 2d at 399 (quoting Wis. Stat. § 25.17 (1993–94)). We have already concluded that the "independent going concern" question is not at issue in this case. Although *Bahr* did not correctly illustrate the court of appeals' point, we concur with the court's final conclusion in the case at hand.

¶ 25. The DOT presents a number of arguments against our conclusions in this case. We find none of them persuasive.

¶ 26. First, the DOT argues that Wis. Stat. ch. 109 is a penal statute and must be strictly construed to exclude the officers' claim. Wisconsin Stat. § 109.11(3) subjects an employer with the ability to pay wages due, but who intentionally fails to do so with the intent to obtain a reduction in the debt or with intent to annoy, harass, oppress, hinder or defraud the employee, to a fine of not more than $550, 90 days in jail, or both. 

¶ 27. Our opinions have long recognized that, the rule of strict construction of penal statutes is not a

" 'rule of general or universal application;. . . . Sometimes a strict and sometimes a liberal construction is required, even in respect to a penal law, because the dominating purpose of all construction is to carry out the legislative purpose.' " *State v. Kittilstad*, 231 Wis. 2d 245, 262, 603 N.W.2d 732 (1999) (quoting *State v. Boliski*, 156 Wis. 78, 81, 145 N.W. 368 (1914)). When the intent of the legislature is unambiguous or if strict construction thwarts the purpose of the legislation, the rule of strict construction does not apply. *Id.* at 262 (citing *State v. Rabe*, 96 Wis. 2d 48, 70, 291 N.W.2d 809 (1980)). In this case the DOT's interpretation would thwart the legislative purpose in giving employees a right of action under Wis. Stat. ch. 109. Our construction of the statute is in keeping with the clear purpose of ch. 109.

¶ 28. Next, the DOT cites *Arndt v. Wisconsin Dep't of Corrections*, 972 F.Supp. 475, 478 (W.D.Wis. 1996), arguing that it seemingly conflicts with our conclusions. Although in *Arndt*, the federal district court examined Wis. Stat. chs. 109 and 103, its inquiry is distinguishable from the case at hand. First, in *Arndt* the court concluded that ch. 109 contained no waiver of sovereign immunity. We respectfully disagree with this conclusion.[13] Second, the district court characterized chs. 109 and 103 as two distinct statutory

---

[13] The concurrence labels our discussion of *Arndt v. Wisconsin Dep't of Corrections*, 972 F. Supp. 475 (W.D. Wis. 1996) as a "criticism" of the district court and "ill advised." Neither assertion is correct. The district court was asked to and did specifically address whether Wis. Stat. ch. 109 contains a waiver of the state's immunity:

Plaintiffs look to the private cause of action allowed under chapter 109 [to find statutory waiver] . . . . A waiver of the state's immunity by the legislature will be found only where stated by the most

schemes. However, as the court of appeals noted, and as we have already stated, chs. 109 and 103 are not nearly so distinct. *German*, 223 Wis. 2d at 539–40. The "legislature did not intend to prevent the enforcement of ch. 103 by wage claim actions when it moved the wage claim enforcement provisions to [ch. 109]." *Id.* at 541. In sum, we do not find the reasoning set forth in *Arndt* persuasive.

¶ 29. The DOT also cites state cases[14] that, it contends, characterize Wis. Stat. ch. 109 as a law narrowly focused on assuring the prompt payment of wages actually due rather than as a broad jurisdictional grant. Our analysis of ch. 109 with Wis. Stat. ch. 103 and Wis. Admin. Code § DWD 274 gives full effect to the wage payment purpose of the statutes. We conclude it is in keeping with the well-established purpose of ch. 109, to assure prompt payment of wages. As the circuit court judge noted, Wis. Stat. § 109.03(5) allows an employee to bring a private cause of action for "the full amount" of wages due. We believe that this statute contemplates a situation such as that presented by the officers in this case, where the issue is not that the

express language or by such overwhelming implication from the text as to leave no room for any other reasonable construction.

*Id.* at 479. The district court found no waiver of sovereign immunity in ch. 109. Our differing conclusion here is not a criticism of the district court; we simply, but respectfully, disagree.

[14] *Pfister v. MEDC*, 216 Wis. 2d 243, 250–51, 576 N.W.2d 554 (Ct. App. 1998); *Jacobson v. American Tool Cos., Inc.,* 222 Wis. 2d 384, 400, 588 N.W.2d 67 (Ct. App. 1998); *Erdman v. Jovoco, Inc.*, 181 Wis. 2d 736, 749 n.6, 512 N.W.2d 487 (1994); *Kenosha Fire Fighters v. City of Kenosha*, 168 Wis. 2d 658, 665, 484 N.W.2d 152 (Ct. App. 1992); *Employees Local 1901 v. Brown County*, 146 Wis. 2d 728, 733–35, 432 N.W.2d 571 (1988); *DILHR v. Coatings, Inc.*, 126 Wis. 2d 338, 344–46, 376 N.W.2d 834 (1985).

employees have never received a paycheck, but that they seek to obtain the full amount of wages due to them.

■■

¶ 30. In addition, the DOT contends that affirming the officers' ability to bring their action under Wis. Stat. ch. 109 will raise federal constitutional concerns. According to the DOT, state statutes such as 109 have been found constitutional in the past because they were narrowly focused. In support of this proposition DOT cites *St. Louis Iron Mountain & Saint Paul Railway Co. v. Paul*, 173 U.S. 404, 406–10 (1899); *Erie R.R. Co. v. Williams*, 233 U.S. 685, 692–705 (1914); *Ribnik v. McBride*, 277 U.S. 350, 375 (1928), *overruled in part by Olsen v. State of Nebraska ex rel. Western Reference & Bond Ass'n*, 313 U.S. 236 (1941); and *Adkins v. Children's Hosp. of District of Columbia*, 261 U.S. 525, 547 (1923), *overruled in part by West Coast Hotel Co. v. Parrish*, 300 U.S. 379 (1937). We are not persuaded. "Simply to label a claimed error as constitutional does not make it so, and we need not decide the validity of constitutional claims broadly stated but never specifically argued." *State v. Scherreiks*, 153 Wis. 2d 510, 520, 451 N.W.2d 759 (Ct. App. 1989) (citations omitted).

¶ 31. The DOT further argues that upholding the decision of the court of appeals will open the door to additional claims in which the administrative review procedure established by statue is by-passed because the employee asserts a claim for wages and proceeds directly to circuit court under Wis. Stat. ch. 109. To illustrate its point the DOT cites a string of statutes involving wages. For example, the DOT cites Wis. Stat. § 46.21(2)(i), a statute involving a work allowance to inmates at county institutions; Wis. Stat.

§§ 111.31–111.395, the Wisconsin Fair Employment Act; Wis. Stat. § 103.10, the Wisconsin Family and Medical Leave Act; and Wis. Stat. § 103.49, relating to prevailing wage rates.

¶ 32. We concur with the court of appeals that the DOT's concerns on this point are "unwarranted and overstated." *German*, 223 Wis. 2d at 542. The DOT does not discuss whether the statutes it cites contain an administrative remedy and, if so, whether that remedy is exclusive. The administrative remedy in Wis. Stat. § 103.005 is not exclusive. Nor does the DOT discuss the relationship between the statutes it cites and Wis. Stat. ch. 109. As we have set forth already, there is a significant relationship between Wis. Stat. ch. 103 and ch. 109. In this case, we are considering only the statutes directly necessary to resolve the issue before the court; we will not speculate on the outcome when other statutes are involved and a complete argument is not presented.

¶ 33. Finally, the DOT argues that even without considering the issue of sovereign immunity, dismissal is warranted because the officers have failed to state a claim upon which relief can be granted. The DOT did not raise this issue in its petition for review, and we decline to consider it here.[15]

---

[15] In this court's order granting review, we asked the parties to brief two additional questions. The first question was whether the plaintiffs were required to serve a notice of claim pursuant to Wis. Stat. § 893.82(3). The second issue was whether the fact that no notice of claim was filed impacts resolution of the case on the merits. Because the parties agree that § 893.82 is inapplicable to the State of Wisconsin and the Department of Transportation we need not address these issues further.

¶ 34. In sum, the DWD has classified on-duty meal periods as compensable time. Wis. Stat. § 103.02; Wis. Admin. Code § DWD 274.02(3). Under Wis. Stat. § 190.03(5) state employees can bring claims for wages due pursuant to this classification.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 35. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE *(concurring)*. I do not join in ¶ 28 of the majority opinion. The majority opinion's criticism of *Arndt v. Wisconsin Dep't of Corrections*, 972 F.Supp. 475 (W.D.Wis. 1996), is, in my opinion, ill advised. *Arndt* turns in large part on the U.S. Constitution and federalism concerns, issues not present in the case at bar.

¶ 36. For the reasons stated, I do not join in ¶ 28 of the opinion.

¶ 37. I am authorized to state that Justice DIANE S. SYKES joins this concurrence.