Neil S. HUBBARD, Plaintiff-Respondent,†

v.

Shaun MESSER, d/b/a Degree Systems, Defendant-
Appellant.

Court of Appeals

*No. 02–1701–FT. Submitted on briefs October 18, 2002.—
Decided December 3, 2002.*

2003 WI App 15

(Also reported in 656 N.W.2d 475.)

† Petition to review granted 3-13-03.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Stephen L. Weld, Christoher R. Bloom,* and *Weld, Riley, Prenn & Ricci, S.C.* of Eau Claire.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Erwin H. Steiner* and *Steiner & Wright, LLC* of Eau Claire.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. Shaun Messer appeals a judgment ordering him to pay a penalty of 70% of the wages he previously owed, but paid, to former employee

Neil Hubbard, plus Hubbard's attorney fees.[1] The trial court ruled that the purpose of Wis. Stat. § 109.11 was to penalize employers who failed to timely pay their employees, regardless whether those wages were paid prior to court action. We conclude that the statute imposes a penalty only when, at the time the collection action is commenced in the circuit court, the wages are due to the employee and remain unpaid. Accordingly, we reverse the judgment and remand the case for further proceedings.

**Background**

¶ 2. The facts are undisputed. Hubbard filed a complaint with the Department of Workforce Development (DWD) for Messer's failure to pay wages. On October 28, 1999, the DWD contacted Messer regarding the wage claim. The DWD concluded that Messer owed Hubbard $4,860 in back pay. On December 8, the DWD revised the amount owed, calculating that Messer owed $2,312.98 and giving him fifteen days to make the payment. On January 7, 2000, Messer had not paid this amount, and the DWD referred the case to the district attorney pursuant to Wis. Stat. § 109.11(1)(c).[2]

¶ 3. On February 21, the district attorney sent a letter to Messer regarding the $2,312.98. The district attorney indicated that Hubbard wanted the payment

---

[1] This is an expedited appeal under Wis. Stat. Rule 809.17. All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] Wisconsin Stat. § 109.11(1)(c) provides:

If an employer does not agree to compromise and settle a wage claim under this subsection, the department may refer the wage claim to a district attorney under s. 109.09 (1) . . . for commencement of an action in circuit court to collect the amount of wages due and unpaid plus increased wages as specified in sub. (2) (b).

within ten days or Hubbard would enforce his rights through small claims court. On March 15, Hubbard's private counsel sent a letter to Messer indicating that if payment was not received within two days he would commence suit. On April 10, Messer issued a check to Hubbard for $2,312.98 less required withholding.

¶ 4. On April 27, the DWD issued another letter to Messer regarding a different claim by Hubbard. The DWD determined that Messer owed Hubbard an additional $1,975.28. On June 23, the DWD revised the amount to $1,560.93. On July 31, Messer issued a check for $1,560.93 less withholding. Hubbard cashed both checks.

¶ 5. On September 14, 2001, Hubbard filed an action seeking penalty wages of 100% under WIS. STAT. § 109.11(2)(b), or a total of $3,873.91. Messer filed a motion for summary judgment because all the wages had been paid by the time the action was commenced. Hubbard contended the statute allows penalties for wages not paid when due. The trial court agreed with Hubbard and granted him summary judgment, although the court only awarded 70% damages, or $2,711.74, plus attorney fees of $1,998. Messer appeals.

**Discussion**

¶ 6. The sole issue is one of statutory construction, a question of law that we review de novo. *Truttschel v. Martin*, 208 Wis. 2d 361, 364–65, 560 N.W.2d 315 (Ct. App. 1997). If the terms of the statute are unambiguous, we apply them as written without any further inquiry. *In re Charles R.P.*, 223 Wis. 2d 768, 771, 590 N.W.2d 21 (Ct. App. 1998). Here, we must

determine the meaning of "wages due and unpaid" in the context of WIS. STAT. § 109.11(2)(b),[3] which states:

> In a wage claim action that is commenced after the department has completed its investigation under s. 109.09 (1) and its attempts to settle and compromise the wage claim under sub. (1), a circuit court may order the employer to pay to the employee, in addition to the amount of *wages due and unpaid* to an employee and in addition to or in lieu of the criminal penalties specified in sub. (3), increased wages of not more than 100% of the amount of those *wages due and unpaid*. (Emphasis added.)

¶ 7. Messer contends the phrase means wages due to the employee and not yet paid at the time an enforcement or collection action is initiated in the circuit court. Hubbard contends the phrase "refers to. the failure to pay wages within the 31 day deadline imposed by [WIS. STAT. §] 109.03(1) . . . ." Section 109.03(1) generally requires that employers shall pay wages "as often as monthly."[4] Each payment must comprise "all wages earned by [the] employee to a day not more than 31 days prior to the date of such payment." In other words, on any day when an employee earns a wage payment, the employer must pay for that day's work within thirty-one days. If the employer fails to do so, Hubbard argues that wages become "due and unpaid" as of the thirty-second day. However, we agree with Messer's interpretation.

---

[3] Both parties agree that the DWD had completed its investigation, making WIS. STAT. § 109.11(2)(b) the applicable statute, not § 109.11(2)(a). Section 109.11(2)(a) applies only when the DWD has not completed an investigation.

[4] Paragraphs (a) through (d) of WIS. STAT. § 109.03(1) provide exceptions to this requirement, none of which applies here.

¶ 8. Wisconsin Stat. ch. 109 concerns employees' rights to receive their full wages and receive their wages when due. *See Jacobson v. American Tool Cos.*, 222 Wis. 2d 384, 400–01, 588 N.W.2d 67 (Ct. App. 1998); *German v. DOT*, 2000 WI 62, ¶ 29, 235 Wis. 2d 576, 612 N.W.2d 50. There are two routes through which employees may resolve wage claims—administrative review by the DWD or an action in the circuit court. *See* Wis. Stat. §§ 109.09(1) and 109.03(5).

¶ 9. Wisconsin Stat. ch. 109 does not require employees to go through the DWD first, Wis. Stat. § 109.03(5),[5] although the administrative remedy is encouraged through the penalty structure. If an action to collect a wage claim is commenced before the DWD has the opportunity to try to compromise and settle it, the circuit court can award as a penalty against the employer and in addition to the outstanding wages no more than 50% of the outstanding wages. Wis. Stat. § 109.11(2)(a). However, if the employee waits until the DWD has attempted to resolve the matter, the court may award up to 100% of the unpaid wages as a penalty. Wis. Stat. § 109.11(2)(b).

¶ 10. Wisconsin Stat. § 109.11(2) allows penalties as a percentage of wages "due and unpaid." This phrase is not defined in ch. 109, and neither § 109.11(2)(a) nor (b) specifies any corresponding time frame.[6] Section 109.11(3), however, explains the criminal penalties an

---

[5] Wisconsin Stat. § 109.03(5) provides in part: "An employee may bring an action against an employer under this subsection without first filing a wage claim with the department under s. 109.09 (1)."

[6] Although the two paragraphs apply at different times and have different maximum penalty percentages, the operative

employer may face as well as delineates what constitutes a separate offense. In subsection (3), a violation occurs when an employer fails or refuses to pay an employee wages due *at the time.* We presume the legislature chooses its words carefully and precisely to express its meaning. *Ball v. District No. 4, Area Bd.*, 117 Wis. 2d 529, 539, 345 N.W.2d 389 (1984). If the legislature intended for civil penalties to apply to wages unpaid on their due date, this "at the time" language would have been a prudent addition to the paragraphs of § 109.11(2).

¶ 11. Even without examining the criminal penalty section of WIS. STAT. § 109.11(3), we are satisfied that under the plain language of § 109.11(2)(b), penalties may only be applied when wages are due and unpaid at the time an enforcement action is commenced in court. Section 109.11(2)(b) unambiguously indicates that for an employee to file a wage claim action, the employee must, at the time suit is commenced, allege entitlement to wages the employer has not yet paid. That is, a claim for penalty wages does not exist independently of a claim for unpaid wages. The court first awards the unpaid wages to which the employee is entitled. Then, the court can award an additional percentage up to 100% of the wages that are due and unpaid.

¶ 12. Hubbard suggests that if we interpret WIS. STAT. § 109.11(2)(b) to allow penalties to apply only if wages are due when suit is filed, then an employer could fail to pay wages when they are due, prolong the nonpayment, and avoid penalties as long as the em-

---

language is the same in both, and our interpretation of WIS. STAT. § 109.11(2)(b) also applies to § 109.11(2)(a).

ployer paid before trial. We are unpersuaded. We first note that § 109.11(2)(b) allows penalties to be assessed against the wages due on the day the suit is commenced, not the day of trial. It is evident, however, that the statute's plain language permits the possibility that an employer may with impunity wrongfully delay paying earned wages. Nevertheless, because this court cannot rewrite unambiguous legislation, this concern must be addressed to the legislature.[7] *See State v. Hall*, 207 Wis. 2d 54, 82, 557 N.W.2d 778 (1997) (where the meaning of a statute is plain, words cannot be read into it or out of it for the purpose of saving one or another possible alternative).

¶ 13. In any event, if we were to accept Hubbard's interpretation, an employer could pay the wages due and consider the matter settled, only to be sued months later by an employee who never previously mentioned a penalty. This scenario is inconsistent with our preference for the finality of settlements. *See Eau Claire County v. Employers Ins.*, 146 Wis. 2d 101, 111, 430 N.W.2d 579 (Ct. App. 1988). Moreover, in cases where wages are withheld, there may legitimate disputes over hours worked, wage rate, or other issues. The DWD's involvement is encouraged because the legislature trusts the DWD will be able to resolve most claims or

---

[7] If the legislature intended the penalty provisions to apply to wages due and unpaid after thirty-one days, it could have authorized the DWD to impose penalty wages for nonpayment. There is no statutory provision that allows the DWD to assess penalty wages in a case like this. The DWD may only order penalty wages if, after the DWD has ordered an audit of the employer's records, another wage claim is filed against the employer for the same error that caused the DWD to order the audit. *See* Wis. Stat. § 109.11(1)(b). No statute applicable in this case allows the DWD to assess penalty wages.

the employer and employee will be able to settle their dispute without further court action or penalties.[8]

¶ 14. Hubbard also suggests that if we agree with Messer's interpretation of WIS. STAT. § 109.11(2)(b), we undermine the purpose of WIS. STAT. ch. 109—ensuring prompt payment of wages. Under our interpretation, once employers receive confirmation that they do owe wages—indeed, some of them may have correctly withheld payment—employers will want to pay their employees promptly, before the employee can commence suit. Also, our interpretation does not necessarily create a race to the courthouse. Both civil penalty statutes allow penalties *not more than* a certain percentage. *See* WIS. STAT. § 109.11(2)(b). The trial court thus has the discretion to not award a penalty. Thus, an employee who takes a DWD decision straight to court without allowing the employer time to even "write the check" will not necessarily be entitled to collect penalty wages when filing an enforcement action.

¶ 15. In this case, we take particular note of the timeline. In Hubbard's first wage claim, the DWD issued its initial decision on October 28, 1999, and gave Messer fifteen days to pay. On November 11, Hubbard did not seek to enforce the DWD's order. On December 8, the DWD issued its revised order, again giving Messer fifteen days to pay the wages due. On December 23, Hubbard did not file suit. On February 21, 2000, the district attorney asked Messer to pay within ten days; otherwise the district attorney had been advised that Hubbard planned to seek a remedy in small claims

---

[8] WISCONSIN STAT. § 109.09(1) instructs the DWD to "investigate and attempt equitably to adjust" the claim between the employer and employee. WISCONSIN STAT. § 109.11(1) advises that the DWD "may compromise and settle that wage claim" for a sum agreed to by the DWD, the employee and the employer.

court. On March 2, Hubbard did not file a small claims case. Instead, he retained a private attorney who sent a letter to Messer on March 15 seeking payment by March 17, threatening suit. Hubbard did not file. On April 10, Messer wrote a check to Hubbard.

¶ 16. In the second wage claim, the DWD issued its revised opinion on June 23, again with a fifteen-day frame for payment. On July 8, no lawsuit was filed. On July 31, a check was issued to Hubbard. Both checks were cashed. Fourteen months later in September 2001 Hubbard filed for penalty wages only.

■■

¶ 17. Hubbard had ample opportunity to enforce the DWD's rulings and collect penalties. For whatever reason, he chose not to seek the remedies available to him. Once Messer paid the back wages, Hubbard no longer had a wage claim to enforce, and thus no access to court to collect penalties. Hubbard has also failed to show, with legitimate support in WIS. STAT. ch. 109, that the phrase "wages due and unpaid" means anything other than the plain, ordinary meaning we have articulated. On remand, the circuit court will enter summary judgment for Messer, dismissing Hubbard's claims with prejudice.

*By the Court.*—Judgment reversed and cause remanded with directions.