Timothy REPETTI, Plaintiff-Appellant,

v.

SYSCO CORPORATION and Sysco Food Services of
Eastern Wisconsin, LLC,
Defendants-Respondents.

Court of Appeals

*No. 2006AP1328. Submitted on briefs January 26, 2007.
—Decided February 28, 2007.*

2007 WI App 49

(Also reported in 730 N.W.2d 189.)

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Shannon D. McDonald* of *Cross Law Firm, S.C.*, Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Alan E. Seneczko* of *Seneczko Law Offices, S.C.*, Oconomowoc.

Before Snyder, P.J., Brown and Anderson, JJ.

¶ 1. ANDERSON, J. Timothy Repetti appeals from an order dismissing his wrongful discharge complaint against Sysco Corporation and Sysco Food Services of Eastern Wisconsin, LLC. Citing the whistleblower provisions of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, Repetti urges us to adopt a public policy exception to the employment-at-will doctrine for employees who complain of Securities and Exchange Commission reporting violations. We see no reason to explore the possibility of such an exception. Sarbanes-

Oxley, 18 U.S.C. § 1514A(c), provides adequate remedies for employees wrongfully discharged under those circumstances. We affirm the order dismissing Repetti's claim.

## STANDARD OF REVIEW

¶ 2.   The scope of our review drives our analysis in this case. We therefore begin with a consideration of the appropriate standard of review. A motion to dismiss a complaint for failure to state a claim tests the legal sufficiency of the complaint. *Wausau Tile, Inc. v. County Concrete Corp.*, 226 Wis. 2d 235, 245, 593 N.W.2d 445 (1999). The facts set forth in the complaint must be taken as true and the complaint dismissed only if it appears certain that no relief can be granted under any set of facts the plaintiffs might prove in support of their allegations. *Northridge Co. v. W.R. Grace & Co.*, 162 Wis. 2d 918, 923, 471 N.W.2d 179 (1991). The reviewing court must construe the facts set forth in the complaint and all reasonable inferences that may be drawn from those facts in favor of stating a claim. *Id.* at 923–24. Whether a complaint states a claim for relief is a question of law which this court reviews de novo. *Id.* at 923.

## COMPLAINT AND PROCEDURAL HISTORY

¶ 3.   Sysco hired Repetti as a driver in 1991 and in April 2002 promoted him to the position of logistics coordinator. As a logistics coordinator, Repetti scheduled in-bound freight, handled pricing and prepared financial reports showing accurate income/expense and profit/loss information based upon the logistics department operations. In the course of performing these

571

duties, Repetti learned that "a corporate officer was altering numbers in an attempt to falsely show profit or larger profit in the Operations Department by moving income from the Logistics Department into the Operations Department for purposes of financial reporting." Repetti complained about these falsifications to the company comptroller and the company president. The president informed Repetti, on more than one occasion, that it was in his best interests not to pursue the issue further. According to the complaint, this left Repetti facing either civil and criminal penalties for improper revenue reporting or termination for complaining about the improper revenue reporting of Sysco officers. Repetti refused to engage in the improper revenue reporting and continued to complain about the conduct of the other corporate officers. Sysco terminated Repetti in April 2003.

¶ 4.   Repetti filed his complaint against Sysco in May 2004, alleging wrongful discharge from his employment. Repetti claimed that his termination directly resulted from his complaints to the comptroller and president about the revenue reporting violations and his refusal to take part in the violations. Repetti argued that, as a result, his discharge violated a well-defined public policy and a specific and unambiguous law.

¶ 5.   Sysco filed a motion to dismiss Repetti's complaint for lack of jurisdiction and failure to state a claim upon which relief could be granted. In its motion and initial brief, Sysco maintained that Sarbanes-Oxley prohibited the alleged conduct of the officers; established specific procedures for investigating and enforcing alleged violations; and provided "a comprehensive remedy for the harm alleged and damages sought, precluding, as a matter of law, a wrongful

discharge action based upon the same conduct." Repetti responded that Sarbanes-Oxley did not preempt a state wrongful discharge action, citing 18 U.S.C. § 1514A(d), which provides, "**Rights retained by employee.**—Nothing in this section shall be deemed to diminish the rights, privileges, or remedies of any employee under any Federal or State law, or under any collective bargaining agreement." In its reply brief, Sysco changed its tune and argued, "We contend, not that the remedial provisions of the Sarbanes-Oxley Act preempt State law, but rather, that the existence of those remedies eliminates the need to further expand the 'public policy' exception in Wisconsin."

¶ 6. The trial court granted Sysco's motion to dismiss for failure to state a claim. It held that Sarbanes-Oxley provided Repetti with an adequate remedy at law and there was no need to further extend public policy exceptions to the employment-at-will doctrine. Repetti filed a motion to vacate the court's order and reconsider the court's decision. Repetti contended that Sysco had raised a new issue in its reply brief and asked the court to provide him with an opportunity to respond. The trial court denied Repetti's motion. Repetti appealed and we reversed in *Repetti v. Sysco Corp.*, No. 2005AP575, unpublished slip op. (WI App Jan. 25, 2006). We remanded with directions to the trial court to permit Repetti to file a brief in response to Sysco's reply brief and to reconsider Sysco's motion to dismiss after completion of the briefing. *Id.*, ¶ 15. On remand, the trial court readopted its earlier decision, concluding that Repetti's "more elaborately developed argument add[ed] nothing to the fundamental analysis."

## DISCUSSION

¶ 7. Repetti argues that his wrongful discharge action is actionable under the narrow public policy exception to the employment-at-will doctrine. Repetti contends that he has identified a fundamental and well-defined public policy of corporate accountability and whistleblower protection in Sarbanes-Oxley that Sysco violated when it terminated him for challenging its revenue reporting practices.[1] However, we need not even reach the merits of this assertion because Sarbanes-Oxley affords adequate relief to employees wrongfully discharged under its provisions.

¶ 8. Repetti was an at-will employee of Sysco. Generally, at-will employees may be terminated "for good cause, for no cause, or even for cause morally wrong, without being thereby guilty of legal wrong." *Brockmeyer v. Dun & Bradstreet*, 113 Wis. 2d 561, 567,

---

[1] The following quote nicely summarizes the purpose behind Sarbanes-Oxley:

> Congress enacted the Sarbanes-Oxley Act of 2002 ("Act") in response to an acute crisis: Revelations of mass corporate fraud, most vividly in connection with the Enron Corporation, threatened to destroy investors' faith in the American financial markets and, in so doing, to jeopardize those markets and the American economy. Congress recognized that the problem was an intractable one, and that a number of strong enforcement tools would be necessary—from new regulations and reporting requirements, to expanded oversight, to new criminal provisions. Congress also recognized that for *any* of these tools to work, the law had to protect whistleblowers from retaliation, because "often, in complex fraud prosecutions . . . insiders are the only firsthand witnesses to the fraud." S.REP. No. 107–146, at 10 (2002).

*Bechtel v. Competitive Techs., Inc.*, 448 F.3d 469, 484 (2d Cir. 2006) (Straub, J., dissenting).

335 N.W.2d 834 (1983) (citation omitted). Despite statutory modification of the at-will doctrine "to curb harsh applications and abuse of the rule," our supreme court recognized, as have other state courts, "the need to protect workers who are wrongfully discharged under circumstances not covered by any legislation or whose job security is not safeguarded by a collective bargaining agreement or civil service regulations." *Id.* at 567–68; *Tatge v. Chambers & Owen, Inc.*, 219 Wis. 2d 99, 113, 579 N.W.2d 217 (1998). Therefore, our supreme court adopted a "narrow public policy exception" to the employment-at-will doctrine. *Tatge*, 219 Wis. 2d at 113. The exception provides that "an employee has a cause of action for wrongful discharge when the discharge is contrary to a fundamental and well-defined public policy as evidenced by existing law." *Tatge*, 219 Wis. 2d at 113 (quoting *Brockmeyer*, 113 Wis. 2d at 572–73). Existing law includes constitutional, statutory and administrative provisions. *Tatge*, 219 Wis. 2d at 113 n.7.

¶ 9.  However, in *Brockmeyer*, our supreme court observed that "the legislature has enacted a variety of statutes to prohibit certain types of discharges" and "[w]here the legislature has created a statutory remedy for a wrongful discharge, that remedy is exclusive." *Brockmeyer*, 113 Wis. 2d at 576 n.17. Our supreme court made clear that if the legislature creates a remedial process, the court will not override that process with the judicially-created public policy exception. *Larson v. City of Tomah*, 193 Wis. 2d 225, 231, 532 N.W.2d 726 (1995) (citing *Brockmeyer* for this proposition). The narrow public policy exception simply recognizes that "the legislature has not and cannot cover every type of wrongful termination that violates a clear mandate of public policy." *Brockmeyer*, 113 Wis. 2d at 576. It applies

where an employee has no other recourse to regain a former position or receive redress for a wrongful termination. *Hausman v. St. Croix Care Center*, 214 Wis. 2d 655, 670, 571 N.W.2d 393 (1997); *Goggins v. Rogers Mem'l Hosp. Inc.*, 2004 WI App 113, ¶ 35, 274 Wis. 2d 754, 683 N.W.2d 510.

¶ 10. The Sarbanes-Oxley whistleblower provision is found in 18 U.S.C. § 1514A. Section 1514A(a)(1)(c) prohibits companies from discharging an employee because of any lawful act done by the employee

> to provide information ... regarding any conduct which the employee reasonably believes constitutes a violation of ... any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to ... a person with supervisory authority over the employee.

Section 1514A(b) creates a procedure whereby wrongfully discharged employees can seek redress first through the Department of Labor and then through the courts. Section 1514A(c) provides that if the employee prevails, he or she "shall be entitled to *all* relief necessary to make the employee whole." (Emphasis added.) Such relief includes, "reinstatement with the same seniority status that the employee would have had, but for the discrimination"; "the amount of back pay, with interest"; and "compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees." Sec. 1514A(c).

¶ 11. Sarbanes-Oxley provides whistle blowing employees with recourse to regain a former position and to receive redress for wrongful termination. Indeed, Sarbanes-Oxley entitles the wrongfully dis-

charged employee to "*all* relief necessary" to make himself or herself whole. 18 U.S.C. § 1514A(c) (emphasis added). Thus, this is not a case where, absent the application of the wrongful discharge public policy exception, an employee is left without options. *See Hausman*, 214 Wis. 2d at 670–71. Repetti could have availed himself of the Sarbanes-Oxley protections and relief, but chose not to do so.

¶ 12. Repetti argues that 18 U.S.C. § 1514A(d), which provides that the act does not "diminish the rights, privileges, or remedies of any employee under any Federal or State law," rescues his wrongful discharge claim. *See German v. DOT*, 2000 WI 62, ¶ 12, 235 Wis. 2d 576, 612 N.W.2d 50 (refusing to apply the presumption that an administrative remedy is exclusive where there is legislative expression to the contrary); *Goggins*, 274 Wis. 2d 754, ¶ 36 (stating that the employee could have pursued an individual civil action for wrongful discharge despite the presence of administrative remedies). We are not persuaded.

¶ 13. Prior to the passage of Sarbanes-Oxley, "corporate employees who report[ed] fraud [we]re subject to the patchwork and vagaries of current state laws." S. REP. No. 107–146 at 19 (2002). In enacting Sarbanes-Oxley, Congress made clear that the act does not supplant or replace these state laws, but rather sets "a national floor for employee protections in the context of publicly traded companies." *Id.* at 20. Thus, section 1514A(d) allows employees to seek redress in other federal and state whistleblower laws, which could contain stricter requirements and more extensive remedies. However, Wisconsin does not have a pertinent state whistleblower statute similar to Sarbanes-Oxley and our supreme court has consistently held that it will not imply a wrongful discharge cause of action to

uphold a public policy when the legislature has already provided adequate mechanisms for vindication of that policy. *See Brockmeyer*, 113 Wis. 2d at 576 n.17; *Hausman*, 214 Wis. 2d at 670. *See also Goggins*, 274 Wis. 2d 754, ¶ 35 (citing *Hausman*). Repetti's argument fails.

## CONCLUSION

¶ 14.   Even if we assume that Repetti has established that his discharge contravened a fundamental and well-defined public policy found in Sarbanes-Oxley, that act itself provides the remedies for violations of that policy. We affirm the order granting Sysco's motion to dismiss.

*By the Court.*—Order affirmed.